UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――x

EDMOND MALONE, on behalf of himself and all other
Persons similarly situated,

        Plaintiff,

      -against-                                08 Civ. 3370 (CM)

TRI-STATE LLC, TRI-STATE GATE LLC,
GARON FENCE CO., INC. d/b/a BEDFORD
IRON WORKS, , MATTHEY PRATO
And GARY PRATO

        Defendants.

―――――――――――――――――――――――x

    ORDER DISCUSSING CONDITIONAL CERTIFICATION OF AN
    OPT-IN ACTION UNDER 29 U.S.C. § 216(b) COLLECTIVE ACTION
    STATUTE AND REQUESTING ADDITIONAL INFORMATION

McMahon, J.:

      The immediate issue before the court in this opt-in action for overtime wages is whether the fact that plaintiff's employment with the most of recent defendant to employ him was terminated on or about March 16, 2007 bars him from representing a class of similarly situated persons (i.e., persons who were denied overtime compensation) who were employed in a two year period ending after that date. The answer is, yes he can.

      Plaintiff alleges that he worked for multiple defendants from September 2002 through March 16, 2007 – first by Garon Fence (or Bedford Iron Works, as it was commercially known); then by TriState Gate LLC, which he asserts is a "fictitious company" and is actually a front for Garon. I accept this allegation as true for purposes of deciding whether to conditionally certify a Fair Labor Standards Act class and to authorize the sending of opt-out notice to members of that class. He alleges that he was eligible for overtime compensation and that he did not receive such compensation. He contends that defendant's failure to pay him overtime was willful – another allegation that I accept as true for purposes of this application.

      Defendants concede that plaintiff "would appear at first glance to meet the very lenient standard to permit an opt-in notice to issue....He claims entitlement to premium overtime compensation, and disputes defendant's claim that he falls under the FLSA executive exemption. (Letter date September 28, 2009 at page 2).

However, defendants argue that plaintiff should not be allowed to represent an opt-in class because the members of that class who could bring timely actions – which today consists of persons who were employed by one of the defendants on or after October 6, 2006 (the statute of limitations is three years for a willful violation of the FLSA), and tomorrow will consist of persons who were employed on or after October 7, 2006 (and so on, because the statute for each individual class member will be measured from the date that individual files his/her opt-in notice, not from the date this lawsuit was filed). Defendants argue that the plaintiff's period of employment does not substantially overlap with the period of employment of the class members, so class notice should not be sent.

The court rejects this argument. The limitations period for bringing an action under Section 216(b) is two years, or three years in the case of a willful violation, from any date when wages lawfully due were not paid. The only "similarities" that are needed is a similarity between the type of violation alleged by the plaintiff and the type of violation asserted on behalf of the entire class. Plaintiff's complaint satisfies both standards; he contends that Garon and TriState are really one and the same company (alter ego) and he asserts a claim for unpaid overtime on behalf of himself and the members of the proposed class. The nature of the statute of limitations makes it impossible for there to be 100% overlap in the period of limitations between plaintiff and the other members of the class, whose two or three year period will necessarily be measured from a later date than is the named plaintiff's. This does not prevent conditional certification of an FLSA class.

Defendants also argue that, to date, the plaintiff has offered no proof of willfulness, so the opt-in notice should be sent only to persons who were employed during the last two years. Plaintiff has no obligation to offer proof of willfulness at this time, when no discovery has been had; the goal of authorizing early (i.e., pre-discovery) notice, as Judge [now Justice] Sotomayor intimated in <u>Hoffman v. Sbarro, Inc.</u>, 982 F. Supp. 249, 260 (S.D.N.Y. 1997), is to preserve as many claims as possible from "dying daily." The allegation that there were multiple employees who were supposed to be paid overtime but were not suffices at this early stage of the lawsuit, because one can fairly infer willfulness from the fact that a number of employees were not paid overtime wages.

The court has reviewed the form of notice and finds it to be fair and balanced. It specifically states, in bold typeface and in large letters, that while the notice has been authorized by the court, the court takes no position on the merits of the claims or defenses. It carefully describes the alleged violations as "alleged" and sets forth defendant's position that no violation of law has occurred.

However, there remains a question about which persons will receive the notice. The court does not intend to unduly circumscribe the size of the proposed class by giving notice only to persons with the title of "technician," as defendants wish. Nor do I intend to pre-judge the issue of alter ego by limiting notice to persons who were employed by Tri-State Gate; Garon is also named as a party defendant. But the papers submitted to the

court do not describe which employees ought to receive notice, or why those employees are similarly situated to plaintiff. If plaintiff wants to get the notification process underway, I need some sort of showing of which employees are sufficiently similarly situated to plaintiff to be deserving of notice. The sooner plaintiff's counsel gets me something the sooner I can authorize notice.

Dated: October 5, 2009

_____
U.S.D.J.

BY ECF TO ALL COUNSEL